# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW BOOK,  Plaintiff, | ) ) ) |
| v. | ) C.A. No. 08-83 Erie ) District Judge Cohill |
| BOB MERSKI, et al.,  Defendants. | ) Chief Magistrate Judge Baxter ) ) |

# MAGISTRATE JUDGE'S
# REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that the motion to dismiss [document # 10] be granted. The Clerk of Courts should be directed to close this case.

**II.    REPORT**

    **A.     Relevant Factual and Procedural History**

On March 25, 2008, Plaintiff Andrew Book, filed this *pro se* action, raising civil rights claims. Named as Defendants in the complaint were: Bob Merski, in his official capacity as Sheriff of Erie County, Pennsylvania; and Deputy Sheriff One and Deputy Sheriff Two, individually and in their official capacities.

Plaintiff alleges that Deputies One and Two conspired with the Honorable John Bozza, Judge of the Court of Common Pleas of Erie County (who is not a named defendant in this action), to intentionally discriminate against Plaintiff based on his race, and in violation of his constitutional rights. Plaintiff alleges that Defendants violated his rights by removing him from Judge Bozza's courtroom on December 19, 2007. Plaintiff specifically avers that he approached Judge Bozza on that date for the purpose of "presenting" a motion to compel discovery in a civil action filed at docket No. 13573-07 in the Court of Common Pleas. Plaintiff alleges that Judge

Bozza conspired with Defendants to harass and provoke Plaintiff and, thereafter, "ordered the Plaintiff to remove himself from Bozza's courtroom and ... did forcibly compel Plaintiff from said place." Document # 3. Plaintiff's complaint alleges that Defendants violated his rights under 42 U.S.C.A. §§ 1983, 1981, 1985, and 1986, as well as the Constitutions of the United States and the Commonwealth of Pennsylvania. Plaintiff claims that his First, Fourth, and Fourteenth Amendment rights have been violated. As relief, Plaintiff seeks monetary damages.

Defendants have filed a motion to dismiss [Document # 10] and Plaintiff has filed a Brief in Opposition to the pending dispositive motion [Document # 13]. The issues are fully briefed and are ripe for disposition by this Court.

### B. Standards of Review
#### 1. *Pro se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

2

### 2. Motion to dismiss pursuant to 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, ___ 127 S.Ct. 2197, 2200 (2007); Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at ___, 127 S. Ct. at 1965, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008

WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 232, quoting Twombly, 550 U.S. at ___, 127 S.Ct. at 1965 n.3.

### 3. Motion for summary judgment pursuant to Rule 56

Defendants have submitted evidence in support of their motion to dismiss. Therefore, this Court will convert the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998). ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."); Greer v. Smith, 2003 WL 1090708, *1 (3d Cir. (Pa.) March 10, 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion.").

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v.

American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Company of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

5

### C. Quasi-judicial Immunity

Defendant Sheriff Deputies move to dismiss the case against them based upon the doctrine of judicial immunity.

It is a well settled principle of law that judicial officers are immune from damage suits arising out of their official duties. Stump v. Sparkman, 435 U.S. 349 (1978); Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000). Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). See also Seigert v. Gilley, 500 U.S. 226, 231 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."); In Re Montgomery County, 215 F.3d 367, 373 (3d Cir. 2000) ("Absolute immunity creates not only protection from liability, but also a right not to stand trial."). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." Sparkman, 435 U.S. at 356.

Quasi-judicial officers, who act in accordance with their duties or at the direction of a judicial officer, are also immune from suit. See Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 772-73 (3d Cir. 2000) (court administrator entitled to immunity for release of information ordered by a judge); Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969) (holding that prothonotary, acting under court direction, was immune from suit).

Defendants argue that they acted to remove Plaintiff from the courtroom when he became loud and argumentative and have provided evidence in support of their argument in this regard. See Document # 10-3, Transcript of December 19, 2007 hearing; Document # 10-4, Affidavit of Deputy Jerome Wieczorek. Deputy Wieczorek describes a "contentious" exchange between Judge Bozza and Plaintiff which resulted in Plaintiff being escorted out of the courtroom, but that Plaintiff left voluntarily and without physical contact by the deputies. Document # 10-4.

In his Opposition brief, Plaintiff argues generally that Defendants do not enjoy immunity, but Plaintiff has not provided evidence to the contrary. In the face of a supported

motion for summary judgment, Plaintiff must do so in order to save his case. See Fed.R.Civ.P. 56(e) (providing that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.").

In that Defendant Sheriff Deputies have provided evidence that they acted in an effort to maintain the security of the courtroom, they are entitled to the protections of the doctrine of quasi-judicial immunity. Accordingly, the motion for summary judgment should be granted as against Defendant Deputy Sheriffs One and Two.

### D. *Respondeat superior* as to Defendant Merski

To the extent that Plaintiff alleges that Defendant Merski is directly liable for the actions of his deputies, that claim should be dismissed.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 11958, 1207 (3d Cir. 1988). Section 1983 liability cannot be predicated solely on *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was

required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

Because Plaintiff has not alleged any personal involvement by Defendant Merski, the motion to dismiss should be granted in this regard.

### E. The *Monell* Claim against Defendant Merski

Besides alleging that Defendant Merski is liable for the acts of his deputies, Plaintiff further alleges that Defendant Merski "developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of persons in Erie County, Pennsylvania." Document # 1, page 11.

A plaintiff who seeks to recover against a municipality under § 1983 must show that the violation of his constitutional rights resulted from a municipal policy or custom. Monell v. Dep't. of Soc. Serv., 436 U.S. 658, 694 (1978). The pleading standard contained in Federal Rule of Civil Procedure 8(a) requires "more than labels and conclusion, and [that] a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at ___, 127 S.Ct. at 1964. With regard to pleading *Monell* claims, merely alleging that a municipality has "engaged in a policy, custom, and practice" that violated plaintiff's federal rights is precisely the formulaic recitation of legal elements that the Supreme Court determined was insufficient in defeating a motion to dismiss. See generally, Miller v. North Belle Vernon Borough, 2009 WL 112854 (W.D.Pa., Jan. 15, 2009); Heilman v. T.W. Ponessa & Assocs., 2008 WL 275731 * 14 (M.D.Pa.2008).

While Plaintiff need not plead detailed facts regarding the alleged policy, custom, or practice, he must, in the very least, plead facts that: (1) put Defendants on notice with regard to the basis for the alleged policy, custom, or practice; and (2) "show" that he is entitled to relief as a result of that policy, custom, or practice. See Twombly, 550 U.S. at ___, 127 S.Ct. at 1964.

Plaintiff's recitation of the elements of a *Monell* claim falls well below this standard. His

complaint does nothing more than recite the standard for municipal liability under § 1983, stating that "Sheriff Bob Merski developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Erie County, Pennsylvania, which caused the violation of Plaintiff Book's rights." Document # 1, page 11. This bare conclusory allegation does not meet the pleading standards of Rule 8 in order to survive a motion to dismiss under Rule 12(b)(6). Twombly, 550 U.S. at ___, 127 S.Ct. at 1964-65 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Plaintiff has not alleged facts to support the existence of a policy or custom that resulted in his alleged denial of his constitutional rights, nor has he identified either a municipal agent with the authority to create such a policy or evidence that such an agent knew of the policy's unconstitutional consequences. For this reason, Plaintiff's *Monell* claim against Defendant Sheriff Merski should be dismissed.

To the extent that Plaintiff's claims may be construed as "failure to train" and "failure to supervise" claims, these should also be dismissed. A defendant may be held liable on the basis of failure to train only when "that failure amounts to 'deliberate indifference ... [of the constitutional] rights of persons...." Woloszyn v. County of Lawrence, 396 F.3d 314, 324 (3d Cir. 2005) (citations omitted). For a failure to train to amount to deliberate indifference, "it must be shown that (1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." Carter v. City of Philadelphia, 181 F.3d 339, 357 (3d Cir. 1999). This third prong, stated another way, requires a causal nexus, in that the "identified deficiency in [the] training program must be closely related to the ultimate [constitutional] injury." Woloszyn, 396 F.3d at 325 (citations omitted).

Again, Plaintiff makes only generalized allegations – for example, he makes no averment that there is a history of employees of the Sheriff's Department mishandling similar

situations. The complaint further lacks any factual allegations 1) referencing the "conduct, time, place, and persons responsible for" any official municipal policy or custom endorsing the deputies' conduct; or 2) identifying a direct causal link between such a policy and a violation of his rights. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). Instead, the complaint summarily asserts that "it was the policy and/or custom of the Defendant Sheriff to inadequately and improperly investigate citizen complaints of deputy sheriff misconduct, and acts of misconduct were instead tolerated by said sheriff." Document # 3. Plaintiff makes these allegations, however, without referencing any specific facts supporting the "who," "what," and "how" of that allegation. See, e.g., Townsley v. West Brandywine Tp., 2006 WL 1147267 (E.D. Pa. 2006). Moreover, although Plaintiff attempts to advance a failure to train theory, he pleads nothing identifying how the existing deputy training program is constitutionally inadequate.

As the pleading requirements are essentially the same for failure to train and failure to supervise claims, Plaintiff has not successfully pleaded a failure to supervise train under the same analysis. See Carter, 181 F.3d at 356, citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir.1989).

The motion to dismiss should be granted as to the *Monell* claims against Defendant Merski.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss [document # 10] be granted. The Clerk of Courts should be directed to close this case.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

<u>Susan Paradise Baxter</u>
                                                         SUSAN PARADISE BAXTER
                                                         Chief United States Magistrate Judge

Dated: February 23, 2009